UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TYRONE GRIMES,

        Petitioner,                     **MEMORANDUM & ORDER**
                                                                      98-CR-420 (PKC)

        v.

UNITED STATES OF AMERICA,

        Respondent.
-------------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

       Before the Court is Petitioner Tyrone Grimes's *pro se* request for a sentencing reduction. (Dkt. 374 ("Petition").) Grimes's request is based on *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), in which former district judge, the Honorable John Gleeson[1], reduced the defendant's sentence by over 30 years. (Petition at 2 (referring to the principle applied in *Holloway* as the "Holloway Doctrine")); *see Holloway*, 68 F. Supp. 3d at 315-16. For the reasons discussed herein, the Court must deny Grimes's petition.

## BACKGROUND

       On April 20, 1999, Grimes was convicted, along with several co-defendants, at trial of engaging in a criminal narcotics enterprise, possessing with intent to distribute narcotics, and being a felon in possession of a weapon. (*See* Dkt. 277 at 2 (order denying sentencing reduction).) By Amended Judgment, following a partially successful appeal, he was sentenced to an effective term of 420 months' incarceration. (*See* Dkt. 222.)

       Grimes filed a *habeas* petition seeking to vacate his conviction for engaging in a continuing criminal enterprise and his sentence, based on a claim of ineffective assistance of counsel.

---

[1] Coincidentally, Judge Gleeson also presided over Grimes's criminal case prior to the filing of the instant motion.

*See Grimes v. United States*, No. 03 Civ. 6186 (JG). Judge Gleeson denied that petition on February 28, 2006. *See Grimes*, No. 03 Civ. 6186 (JG), Dkt. 5.

On February 19, 2010, Grimes sought a sentencing reduction based on the retroactive application of the revised narcotics Sentencing Guidelines. (Dkt. 275.) Judge Gleeson denied that motion on February 25, 2010, because "[g]iven the quantity of drugs involved in [Grimes's] offense, he would not benefit from the reduced base offense levels available under the amended guideline." (Dkt. 277 at 3.)

Two years later, on February 13, 2012, Grimes again applied for a sentencing reduction based on the retroactive application of amended Guidelines, this time relating to offenses involving crack cocaine. (Dkt. 291.) Once again, however, Judge Gleeson denied the motion "because applying the amended guideline to him does not have the effect of lowering [Grimes's] applicable Guidelines range." (Dkt. 304 at 4.) Judge Gleeson also noted that his ability to modify Grimes's sentence was restricted by 18 U.S.C. § 3582(c)(2). (*Id*. at 3 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010) ("[Section 3582] authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."))); *see also* 18 U.S.C. § 3582(c)(2) (specifying the limited circumstances under which a court may modify an imposed term of incarceration).

Grimes filed the instant petition seeking a sentencing reduction pursuant to the "Holloway Doctrine" on April 1, 2016. (Dkt. 374.) While his petition was pending, in January 2017, Grimes was given an Executive Grant of Clemency that commuted his sentence from 420 months to 360 months. (Dkt. 378 at ECF[2] 4.) The Court initially directed the United States Attorney's Office to

---

[2] "ECF" refers to the pagination generated by the Court's Electronic Court Filing system and not the document's internal pagination.

respond to Grimes's petition before the grant of clemency and again thereafter. On April 7, 2017, the government responded by opposing the Petition, stating that "[b]ecause the defendant has received a grant of clemency, it is the government's position that the petitioner is not entitled to further relief." (Dkt. 379.)

## DISCUSSION

Relying upon *Holloway*[3], Grimes requests that the Court reduce his sentence to "impose a new and more just sentence if the court deems it appropriate." (Petition at 3.) Grimes argues, in part, that "[t]he Holloway Doctrine recognizes that district courts have the discretion, inherent in our American system of justice, to subsequently reduce a defendant[']s sentence in the interest of fairness 'even after all appeals and collateral attacks have been exhausted, and there is neither a claim of innocence nor any defect in the []conviction or sentence[], when it has clearly been demonstrated that the original sentence sought by United States and imposed by the court (even when mandated by law) is revealed to be disproportinat[e]ly severe." (*Id*. at 2 (presumably quoting

---

[3] In *Holloway*, following his convictions for participating in three carjackings, the defendant was sentenced to a prison term of 57 years and 7 months, which was driven largely by the application of mandatory sentences for each of the defendant's violations of 18 U.S.C. § 924(c) ("924(c)"). *Holloway*, 68 F. Supp. 3d at 312-313. After the Second Circuit affirmed Holloway's conviction and sentence and after both Holloway's *habeas* petition and a motion to file a second successive petition were denied, Holloway moved to reopen his *habeas* proceeding to allow Judge Gleeson to reduce his sentence. "Recognizing that there were good reasons to revisit Holloway's excessive sentence but no legal avenues or bases for vacating it," Judge Gleeson issued an order requesting that the "United States Attorney consider exercising her discretion to agree to an order vacating two or more of Holloway's [924(c)] convictions." *Id.* at 314. The United States Attorney initially declined to do so, observing that Holloway might be eligible for relief from the President through the exercise of clemency. *Id*. However, after it was determined that Holloway was likely ineligible for clemency, Judge Gleeson renewed his request to the United States Attorney that she agree to an order vacating two or more of Holloway's 924(c) convictions. *Id*. The United States Attorney eventually consented to the reopening of Holloway's *habeas* petition and did not oppose Judge Gleeson's order vacating two of Holloway's 924(c) convictions, *id*., which allowed Judge Gleeson to reduce Holloway's sentence to approximately 30 years, *see United States v. Holloway*, No. 95 Crim. 78 (JG) (E.D.N.Y.), Dkt. 259 (Amended Judgment).

*Acuna v. United States*, No. 07 Crim. 615, 2016 WL 3747531, at *2 (D. Haw. July 8, 2016)).) However, that is not so; the Court does not have unfettered authority to reduce a sentence, and here, has no such authority to reduce Grimes's sentence.

Absent the United States Attorney's consent, a district court "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), *except* (1) on motion by the Bureau of Prisons, (2) in response to a change in relevant sentencing guidelines, or (3) within 14 days of the original sentencing pursuant to Fed. R. Crim. P. 35, *see* 18 U.S.C. § 3582(c). *See, e.g.*, *United States v. Sumner*, 210 F. Supp. 3d 21, 24 (D.D.C. 2016) (denying *Holloway* petition because "the government opposes [petitioner's] request that his sentence be reduced and the Court has found no legal basis that would vest it with the authority to grant [the] request [absent the government's consent]"); *Acuna*, 2016 WL 3747531 at *3 ("Regardless of how broadly the Holloway Doctrine might be applied, it has effect only if the Government agrees to a reduced sentence. The Government does not agree here. This court therefore lacks authority to change the previously imposed sentences."); *Eubanks v. United States*, No. 92 Crim. 392, 2017 WL 2303671, at *4 (S.D.N.Y. May 9, 2017) (denying petition for reduction of sentence because "the Court here is powerless to provide [petitioner] with any relief," but instructing the U.S. Attorney's Office to review the petition "[because] there are similarities between [petitioner] and the defendant[] in *Holloway* . . . .").

Here, because the United States has opposed Grimes's petition for a sentencing reduction—based on Grimes already having been granted clemency—the Court is without the authority to further reduce his sentence. Accordingly, Grimes's petition is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 30, 2017
Brooklyn, New York